UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DONALD JEROME OGGS,           )
                                             )
        Plaintiff,             )
                                             )
v.                             )        3:25-CV-403-KAC-JEM
                                           )
KNOX COUNTY SHERIFF'S OFFICE,    )
et al.;                           )
                                           )
        Defendant.        )

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

Before the Court are United States Magistrate Judge Jill E. McCook's May 20, 2026 "Report and Recommendation" (the "First Report") [Doc. 129] and July 7, 2026 "Report and Recommendation" (the "Second Report") [Doc. 130]. For the reasons below, the Court accepts and adopts both Reports.

Plaintiff Donald Jerome Oggs filed this action on August 18, 2025 [Doc. 1]. He is proceeding pro se. On September 12, 2025, he filed an Amended Complaint against Defendants (1) Nicholas Wilhenmson, Joseph Stainback, the Knox County Sheriff's Office, and the Roger D. Wilson Detention Facility (collectively the "County Defendants"); (2) Benjamin Olson; (3) the Knoxville Police Department (KPD); (4) Stephen M. Roberts; (5) Home Depot, Inc.; (6) "Big Fish Entertainment LLC;" and (7) Cedar Bluff Wrecker Service [*See* Doc. 11 at 2]. Since then, Defendants have filed various motions [Docs. 21, 43, 70, 71, 76, 85, 98, 106]. Plaintiff has moved to strike many of those motions and to sanction Defendants for filing many of the motions [Docs. 25, 49, 50, 59, 63, 69, 77, 78, 89, 94, 97].

The Reports resolve four of Plaintiff's Motions [Docs. 59, 63, 78, and 97]. The First Report [Doc. 129] addresses: (1) Plaintiff's first "Consolidated Motion," which asks the Court to

reconsider the Clerk's denial of default, strike three (3) filings by the County Defendants and KPD, and sanction their counsel [Doc. 59]; (2) Plaintiff's second "Consolidated Motion," which asks the Court to strike five (5) filings by the County Defendants and Defendant KPD, sanction their counsel, and enter default [Doc. 63]; and (3) "Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 against Counsel for Home Depot and Stephen M. Roberts" [Doc. 78]. The Court has already resolved the requests to reconsider default and motions to strike contained in the "Consolidated Motion[s]" [*See* Doc. 128 at 2-11].

The First Report recommends that the Court deny Plaintiff's motions for sanctions against counsel for the County Defendants, Defendant Olson, and Defendants Home Depot and Roberts [*See* Doc. 129 at 2]. It concludes that Plaintiff failed to comply with Federal Rule of Civil Procedure 11 or justify sanctions under Rule 16, and that sanctions under 28 U.S.C. § 1957 would be inappropriate [*See id.* at 2-8].

The Second Report [Doc. 130] addresses Plaintiff's "Motion for Sanctions" against Defendant Big Fish[1] [Doc. 97]. The Second Report concludes that Plaintiff did not comply with Rule 11 or show bad faith as required to justify sanctions under the Court's apparent authority, Defendant Big Fish's conduct does not warrant sanctions under Section 1957, and that Defendant Big Fish's clarification of its identity does not support sanctions [*See* Doc. 130 at 4-9].

No Party has objected to the First Report or the Second Report. And the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[1] Defendant Big Fish represents that it is "improperly named in the Complaint" and that Plaintiff's claim is against Half Moon Pictures, LLC [*See* Doc. 85 at 1]. Whatever the case, the Court refers to this entity as Defendant Big Fish.

2

After reviewing the record, the Court **ACCEPTS** and **ADOPTS** the First Report and Second Report [Docs. 129, 130] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). And the Court **DENIES** what remains of Plaintiff's Motions that are at issue in the Reports [Docs. 59, 63, 78, 97].

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

3